*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 20, 2023

Plaintiff-Appellee,

v

No. 359837
Macomb Circuit Court
LC No. 2019-001800-FH

DEVANTE KYRAN JENNINGS,

Defendant-Appellant.

Before: RICK, P.J., and SHAPIRO and LETICA, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent and would find that defendant may not be retried under the federal standard set forth in *Oregon v Kennedy*, 456 US 667; 102 S Ct 2083; 72 L Ed 2d 416 (1982). In addition, as we are not bound by the federal standard, I would adopt the objective standard defined in *Pool v Superior Court*, 139 Ariz 98; 677 P2d 261 (1984), which is both easier to apply than *Kennedy*'s subjective standard and a more appropriate means of protecting the right against double jeopardy and deterring prosecutorial misconduct.

It is difficult to imagine a principle of constitutional criminal procedure more universally known to attorneys than the rule that a defendant's decision to remain silent is constitutionally protected and may not be introduced or commented upon at trial. And it is difficult to imagine how a prosecutor could be unaware that purposely introducing a defendant's silence as evidence of guilt is grounds not only for reversal, but also for mistrial.

## I. BACKGROUND

In this case, the investigating officer was called as a witness by the prosecution. The officer reviewed the statements made by defendant after he waived his *Miranda* rights. However, during the interview, defendant unambiguously relied on his right to remain silent, reviving his constitutional right to do so. Rather than ending his questioning about the conversation, the prosecutor pressed on to bring out defendant's reliance on his right to remain silent and to contrast it with the behavior of the other individuals in the car:

> *Q*. How did the interview end?

*A.* He did not wish to speak to us anymore.

*Q.* Did you also speak to the other occupants in the vehicle?

*A.* Yes, they were both interviewed. As typical and routine, we separate them, they were all separated and interviewed separately.

*Q.* Did they agree to speak to you?

*A.* No.

*Q.* So they provided a full statement?

*A.* They did.

Not long thereafter, closing arguments were given. The prosecutor argued:

Now, during the officer's questioning, [defendant] admits that he was present for this disturbance and he had agreed to speak to the officers, he knew what it was about. He agreed to waive his Miranda rights, he said he understood everything, he didn't want an attorney, he—he was waving [sic] his right to remain silent at that point in time, but low [sic] and behold, after answering a few questions he says, no, I don't want to talk anymore. Why would he do that? *Well, that shows a guilty conscience*, like, well, okay, if I start going down this road further I am going to get into some territory that's not good for me. I am going to start making admissions that I know are going to put me in further trouble. Maybe if I keep my mouth shut at this point, I can kind of walk out of this. [Emphasis added.]

The record indicates that during his closing argument, the prosecutor placed the words "guilty conscience" in red on a board for the jury to view, and in granting the mistrial, the trial court noted that the prosecutor had "essentially weaponized [defendant's] invocation as consciousness of guilt." Notably, the prosecution elected to not file a brief in this appeal. It provides no evidence to suggest that the prosecutor's actions were not intended to goad the defendant into requesting a mistrial, other than the prosecutor's self-serving statement that he "was trying . . . to get the jury to find [defendant] guilty, not for a mistrial."

## II. ANALYSIS

### A. RETRIAL IS BARRED UNDER THE *KENNEDY* STANDARD

Summarizing the *Kennedy* standard, our Supreme Court stated in *People v Dawson*, 431 Mich 234, 253; 427 NW2d 886 (1988):

Where [a] motion for mistrial was made by defense counsel, or with his consent, and the mistrial was caused by *innocent conduct of the prosecutor or judge*, or by factors beyond their control, or by defense counsel himself, retrial is also generally allowed, on the premise that by making or consenting to the motion the defendant waives a double jeopardy claim. [Emphasis added.]

The prosecutor's conduct in this case was not "innocent" nor was the mistrial caused by "factors beyond [his] control." *Dawson* went on to hold that

> [w]here a defendant's motion for mistrial is prompted by intentional prosecutorial conduct, however, the defendant may not, by moving for a mistrial, have waived double jeopardy protection. The United States Supreme Court has held that the Double Jeopardy Clause bars retrial where prosecutorial conduct was intended to provoke the defendant into moving for a mistrial. [*Id.*, citing *Kennedy*, 456 US 667.]

The trial court concluded that defense counsel's failure to object during the officer's testimony established that the prosecution did not intend to cause a mistrial. However, the initial lack of objection is irrelevant to the applicable analysis. Even if it was, the prosecution's closing argument demonstrated a determination to make the issue so central that a mistrial would be the likely result.

The prosecutor's questions and closing argument were not minor foot faults. They were sufficient enough errors for the judge to sua sponte raise the question of a mistrial. Under these circumstances, I would conclude that there was an intent to cause a mistrial, or at minimum to take the very substantial risk that one would be granted in order to introduce prejudicial and unconstitutional evidence.

## B. THE MICHIGAN SUPREME COURT HAS NEVER "ADOPTED" THE *KENNEDY* STANDARD FOR PURPOSES OF STATE LAW AND SHOULD INSTEAD ADOPT THE *POOL* STANDARD

There has never been a decision of record in Michigan that holds that the test under the Michigan Constitution is identical to the one set forth in *Kennedy*.

In *Dawson*, whether the defendant could be retried was initially addressed by the Court of Appeals. This Court adopted the standard defined in *Pool*, 139 Ariz 98, which held that the Double Jeopardy Clause barred retrial when it results from "intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial or reversal." *People v Dawson*, 154 Mich App 260, 272; 397 NW2d 277 (1986), aff'd 431 Mich 234 (1988), quoting *Pool*, 139 Ariz at 108-109. After this Court concluded in *Dawson* that the federal standard defined in *Kennedy* would not bar a retrial, it adopted the *Pool* standard for purposes of the Michigan Constitution and quoted the following statement in *Pool*:

> We agree with the Oregon Supreme Court that when such conduct occurs the burden of another trial cannot be attributed to defendant's preference to start anew rather than "completing the trial infected by error" and is, rather, attributable to the "state's readiness, though perhaps not calculated intent, to force the defendant to such a choice." *State v Kennedy*, 295 Or at 276, 666 P2d at 1326. In such a situation, the State has intentionally exposed the defendant to multiple trials for the same crime and had destroyed his expectation of completing the proceeding before the original tribunal. This is exactly what the double jeopardy provision was

intended to prevent. [*Dawson*, 154 Mich App at 272, quoting *Pool*, 139 Ariz at 109.]

Applying that standard, this Court concluded that retrial was precluded in that case because the record showed "that the prosecutor consciously and wilfully engaged in improper conduct indifferent to the probability that a mistrial would result." *Dawson*, 154 Mich App at 274.

In its appeal to the Michigan Supreme Court, the prosecution changed its appellate strategy. It conceded that a retrial was barred under the *Kennedy* test and so there was no need for the Court to consider whether or not to adopt the *Pool* standard. The Court made clear that the prosecution's change in strategy was the reason it did not address the *Pool* standard. It stated, "In light of the prosecutor's concession that the trial prosecutor's conduct was improper under the *Oregon v Kennedy* standard, there is no need in the instant case to decide whether this Court should go further than the federal standard." *Dawson*, 431 Mich at 257.

To reiterate, the Michigan Supreme Court did not "adopt" the *Kennedy* standard. Rather, the Court held that given the prosecution's concession it was not necessary to consider whether to adopt the more stringent *Pool* test. And since *Dawson*, no other case of record has required a Michigan court to make that determination. Accordingly, I believe we should request supplemental briefing as to whether this Court should adopt the *Pool* standard for determining whether the Double Jeopardy Clause bars a retrial for purposes of the Michigan Constitution.

Demonstrating that a prosecutor specifically intended to cause a mistrial insufficiently protects the principles of double jeopardy because absent an admission of such (as in *Dawson*), it is virtually impossible to determine what the prosecutor's subjective intent was. In contrast, the *Pool* standard provides the necessary protection by changing the standard from specific intent to cause a mistrial to "intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial or reversal[.]" *Dawson*, 154 Mich App at 272 (citation omitted). This *objective* test provides the necessary deterrence against purposeful prosecutorial error or misconduct that invites a mistrial.

Finally, I submit that this is an appropriate case for the Supreme Court to finally determine whether the *Pool* standard or some other standard should be adopted rather than the *Kennedy* standard and so respectfully urge the Court to grant leave to appeal for that purpose.

/s/ Douglas B. Shapiro